IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-08-251-02-C |
| | ) | CIV-16-516-C |
| JOSHUA D. BOUZIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a pro se Motion seeking relief from a sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's recent decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). The Court appointed counsel to assist Defendant; counsel filed a Supplement to Defendant's Motion as well as a Reply to Plaintiff's Response.

On September 23, 2008, Defendant was indicted on three criminal counts: Count One – conspiracy to possess stolen firearm in violation of 18 U.S.C. § 371; Count Two – possession of stolen firearms in violation of 18 U.S.C. § 922(j); and Count Three – possession of a firearm after conviction of a felony in violation of 18 U.S.C. § 922(g). Defendant ultimately pleaded guilty to Counts Two and Three, and Count One was dismissed at sentencing. In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report. The United States also filed an information to establish prior convictions seeking to enhance Mr. Bouziden's sentence pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). Defendant's three underlying convictions were Canadian County Case No. CF-97-713 – Manslaughter in the First Degree;

Cleveland County Case No. CF-2002-1045 – Possession of a Controlled Dangerous Substance with Intent to Distribute; and Oklahoma County Case No. CF-2003-997 – Possession of a Controlled Dangerous Substance with Intent to Distribute. At sentencing this Court determined that Defendant was subject to the ACCA and sentenced him to 120 months imprisonment on Count Two and 180 months on Count Three, to be served concurrently. Defendant now seeks relief from his sentence, arguing that based upon the Supreme Court's decision in Johnson, application of the ACCA to him is improper.

Under the ACCA, a person who violates 18 U.S.C. § 922(g)(1) is subject to an enhanced sentence if he has three or more prior convictions for a "violent felony." § 924(e)(1). A violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year" that satisfies one of three clauses. The first is the elements clause: a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). Second is the enumerated offense clause: a crime which is a categorical match to the generic offenses of burglary, arson, or extortion. § 924(e)(2)(B)(iii). Third is the residual clause: a crime which involves conduct that presents a serious potential risk of physical injury to another. § 924(e)(2)(B)(ii). In Johnson the Supreme Court struck the residual clause, finding it was unconstitutionally vague.

Defendant does not challenge his two prior convictions for possession of a controlled dangerous substance; rather, he argues that his conviction for manslaughter does not satisfy the requirements of the elements clause.

The Court's review in this matter is governed by the framework described by the Supreme Court in Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016) and Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 2283 (2013). The Court is not to consider the particular facts underlying the conviction, rather the focus is on the elements of the offense, those "things the prosecution must prove to sustain a conviction . . . [or] [a]t a trial . . . what the jury must find beyond a reasonable doubt to convict the defendant." Mathis, 136 S.Ct. at 2248 (internal quotation marks and citation omitted). If the statutory offense encompasses conduct more broad than the generic crime, or broader than the required violent force or physical force, "a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." Descamps, 133 S.Ct. at 2283.

In certain circumstances, the Court may employ a modified categorical approach. This approach may be used only when the offense of conviction is "divisible," meaning it has multiple alternative versions of the crime. Descamps, 133 S.Ct. at 2283. If the modified categorical approach applies, it permits the Court to review "the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005). Notably, a statute is not divisible for purposes of applying the modified categorical approach if the statute lists alternative means of violating a single element, and one of those means would not qualify as an ACCA predicate. Mathis, 136 S.Ct. at 2254-55. This raises the issue of whether the enumerated

3

alternatives are "means" or "elements." Id. While the Supreme Court has never provided a bright line definition or rule regarding what is an "element" as opposed to "means," in Mathis the Supreme Court noted that making the determination will be "easy" when the state's highest criminal court has decided the issue; that is, has the state's highest criminal court determined what specific elements must be determined in order to find the defendant guilty of the statute.

Defendant was convicted under Oklahoma's manslaughter statute, 21 Okla. Stat. § 711. That statute states,

> Homicide is manslaughter in the first degree in the following cases:
>
> 1. When perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor.
>
> 2. When perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon; unless it is committed under such circumstances as constitute excusable or justifiable homicide.
>
> 3. When perpetrated unnecessarily either while resisting an attempt by the person killed to commit a crime, or after such attempt shall have failed.

The Defendant argues that this statute is not divisible, but rather sets out three different methods to commit the offense of manslaughter in the first degree. According to Defendant, because the statute provides three alternative means, the statute is not divisible under Descamps, 133 S.Ct. at 2283; Shepard, 544 U.S. at 26. After consideration of the statute and the Supreme Court's reasoning in Descamps and Shepard, the Court finds Oklahoma's homicide statute is divisible. That is, the statute is comprised of "multiple alternative versions

4

of the crime" of manslaughter. Descamps, 133 S.Ct. at 2284-85. This decision is bolstered by the fact that the Oklahoma Court of Criminal Appeals has, through its adoption of uniform jury instructions, established specific sets of instructions to apply to each subparagraph of § 711. Defendant's conviction under § 711(2) required the jury to find beyond a reasonable doubt that there was (1) adequate provocation, (2) passion or emotion such as anger, rage, fear, or terror, (3) a homicide occurring during a state of passion, and (4) the existence of a causal connection between provocation, passion, and homicide. See OUJI-CRIM 4-95. Different elements would have to be proven to convict Defendant of one of the other subparagraphs of § 711. Therefore, the Court applies the "modified categorical approach."

Under that approach, the Court may examine the underlying documents to determine under which portion of Oklahoma's manslaughter law Defendant was convicted. The documents provided by Plaintiff demonstrate Defendant was convicted of violating § 711(2) i.e., heat of passion manslaughter. Thus, the question is whether Defendant's conviction qualifies as a crime of violence.

As noted above, the elements clause of the ACCA is triggered when the defendant is convicted of a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The Supreme Court has defined "physical force" to mean violent force. See Curtis Johnson v. United States, 559 U.S. 133, 140 (2010) ("We think it clear that in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force – that is, force capable of

5

causing physical pain or injury to another person."). Certainly, the killing of another person satisfies the requirement of causing physical pain or injury to another person.

Defendant argues that because a conviction under § 711(2) does not require "a design to effect death," see Powell v. Oklahoma, 2000 OK CR 5, ¶ 107, 995 P.2d 510, 533, the killing could occur as a result of reckless conduct. Defendant then directs the Court to United States v. Armijo, 651 F.3d 1226 (10th Cir. 2011), where the Tenth Circuit concluded the Colorado manslaughter statute did not constitute a crime of violence because the offense involved reckless conduct. However, as Plaintiff notes, an intent to kill is not a required element to qualify as a violent felony under the ACCA. Rather, there must only be either attempted or actual use of physical force on the part of the Defendant. An examination of the Oklahoma jury instruction for a conviction of manslaughter in the first degree by heat of passion, as set forth above, demonstrates that Defendant's conviction under that statute satisfies the violent felony requirements of the ACCA. The relevant jury instruction states:

> No person may be convicted of manslaughter in the first degree by heat of passion unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
>
> First, the death of a human;
>
> Second, caused by the defendant;
>
> Third, the death was not excusable or justifiable;
>
> Fourth, the death was inflicted in a cruel and unusual manner;
>
> Fifth, when performing the conduct which caused the death, defendant was in a heat of passion.

OR

Fourth, the death was inflicted by means of a dangerous weapon;

Fifth, when performing the conduct which caused the death, defendant was in a heat of passion.

OUJI-CRIM 4-95. Thus, to be convicted of violating § 711(2) the jury is required to find beyond a reasonable doubt that Defendant killed another person either in a cruel and unusual manner or by means of a dangerous weapon.

Applying the modified categorical approach, the Court finds that Defendant was convicted of a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). Accordingly, Defendant's conviction for manslaughter in the first degree qualifies as a crime of violence under the ACCA, and Johnson does not require vacating his earlier sentence. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 115) is DENIED.

IT IS SO ORDERED this 13th day of January, 2017.

ROBIN J. CAUTHRON
United States District Judge